# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

Maribelle Pedrosa,

No. 16-0185/A

)
)
)
**Plaintiff (s)** )
)  **SUMMONS**
v. )
Genesis Healthcare, LLC, )
d/b/a Milford Center, )
)
**Defendant (s)** )

* To the above-named Defendant:

You are hereby summoned and required to serve upon Paige Walker McKissock, Esq., Segal Roitman LLP, ............................................................................, plaintiff's attorney, whose address is 111 Devonshire Street, 5th Floor, Boston, MA 02109 ............... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness         Judith Fabricant          Esquire, at Worcester, the...........................
day of ...........................................................................in the year of our Lord two thousand and
.......................... .

*signature*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 1008.

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

**MARIBELLE PEDROSA,**

    Plaintiff,

v.

**GENESIS HEALTHCARE, LLC,**
**SUNBRIDGE HEALTHCARE, LLC,**
**both d/b/a MILFORD CENTER,**

    Defendants.

Civil Action No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  This is a complaint brought pursuant to Chapter 151B for discrimination based on race/ethnicity and for retaliation for Plaintiff's opposition to Defendants' discriminatory employment practice practices.

## PARTIES

2.  The Plaintiff is Maribelle Pedrosa, who resides in Woonsocket, Rhode Island.

3.  The first Defendant is Genesis Healthcare, LLC, which is a corporation based in Kennett Square, Pennsylvania.

4.  The second Defendant is SunBridge Healthcare, LLC, which is a corporation based in Kennett Square, Pennsylvania.

5.  Milford Center is located at 10 Veterans Memorial Drive, Milford, Massachusetts.

6.  Defendants employ a sufficient number of employees to subject them to the requirements of Chapter 151B.

7. Plaintiff was an employee of Defendants at all times relevant to this Complaint.

8. Defendants are the joint employer of Plaintiff.

## JURISDICTION AND VENUE

9. The acts of discrimination and retaliation alleged in this suit occurred in Milford, Massachusetts, and therefore jurisdiction in the Superior Court in this County is proper pursuant to G.L. c. 151B, § 9.

10. More than 90 days prior to this suit being filed, Ms. Pedrosa filed a timely charge of discrimination and retaliation with the Massachusetts Commission Against Discrimination with regard to the allegations of this Compliant.

11. Plaintiff requests a trial by jury.

## FACTUAL ALLEGATIONS

12. Ms. Pedrosa is Hispanic and is not black.

13. Plaintiff was employed by Defendants as a Certified Nursing Assistant from November 2009 until Defendants terminated her employment.

14. Plaintiff worked at Milford Center.

15. On or about Jan. 28, 2015,[1] Plaintiff submitted a written request for time off to the employer. She requested the entire month of May because she was getting married and wanted to go home to Puerto Rico.

16. Ms. Pedrosa believed that about six other employees were allowed to take a month-long vacation. She believes each of these employees was black and none were Hispanic.

17. Plaintiff's vacation request was denied.

---

[1] Unless otherwise noted, all dates are for 2015.

18. On or about Feb. 3, Plaintiff performed her duties. At one point, she was working side by side with Alysha Ferreira, another CNA. Plaintiff explained to Ms. Ferreira what had happened with her vacation request. Ms. Pedrosa complained to Ms. Ferreira that perhaps the employer denied her request because Plaintiff is not black. In a gesture directed to Ms. Ferreira as part of this conversation, Plaintiff took off her gloves to show her skin, and she rubbed the fingers of one hand across her opposite wrist, as a symbol to demonstrate that she is not black.

19. After making this complaint of racial/ethnic discrimination with the accompanying gesture, Plaintiff looked up and realized that the Unit Manager was watching and listening. Also watching and listening was a black CNA who had recently returned from a month-long vacation.

20. On or about Feb. 6, the Employer initiated an investigation into what Defendants characterized as Plaintiff's "racial comment."

21. On or about Feb. 11, Defendants issued discipline to Plaintiff in the form of a final written warning for what Defendants characterized as Plaintiff's "racial comment."

22. Plaintiff was shown the warning referenced in the preceding paragraph and declined to sign it. However, she was not given a copy of this warning and she found it in her personnel file only after she had been fired.

23. On or about Feb. 13, Defendants sought to compel Plaintiff to work a double shift, which Plaintiff explained she was unable to do for medical reasons.

24. While Ms. Pedrosa was out of work following Feb. 3, Defendants told Plaintiff that they were conducting an investigation into her medical condition.

25. On or about Mar. 2, Plaintiff called Defendants to inquire about the status of their so-called investigation into her medical condition. During that call, Plaintiff was told to report for a meeting on or about Mar. 3.

26. At the meeting on or about Mar. 3, Defendants told Plaintiff they were firing her because she had made "racial comments" and because she had engaged in unspecified acts of "retaliation" against the co-worker who overheard Plaintiff's complaint of racial/ethnic discrimination on or about Feb. 3.

27. Plaintiff never engaged in any form of "retaliation" against this co-worker.

28. Defendants' "investigation" into this alleged "retaliation" (if any such investigation actually occurred) did not involve asking Plaintiff any questions.

29. Ms. Pedrosa was terminated on or about Mar. 3, retroactively effective to on or about Feb. 13, because of her opposition to Defendants' discriminatory practices on or about Feb. 3.

30. Upon information and belief, Defendants have never terminated employees of other races or ethnicities for voicing their opposition to unlawful discrimination.

31. Defendants' illegal actions caused Plaintiff economic and emotional harm.

## CAUSES OF ACTION

## COUNT ONE – DISCRIMINATION

32. Plaintiff hereby incorporates all other allegations of the Complaint into Count One.

33. Defendants violated Chapter 151B, § 4 when they fired Plaintiff because of her race/ethnicity.

## COUNT TWO – RETALIATION

34. Plaintiff hereby incorporates all other allegations of the Complaint into Count Two.

35. Defendants violated Chapter 151B, § 4 when they fired Plaintiff because of her opposition to Defendants' practice of racial/ethnic discrimination.

## PRAYER FOR RELIEF

Plaintiff Maribelle Pedrosa prays that this Honorable Court will enter judgment in her favor, and award her the following relief:

1. Back pay and lost benefits.

2. Damages for emotional distress.

3. Punitive damages.

4. Equitable relief, principally front pay in lieu of reinstatement (or reinstatement in the alternative).

5. An injunction to prevent Defendants from engaging in further actions that violate Chapter 151B.

6. Attorney's fees and costs.

7. Any other form of legal and/or equitable relief that the Court should award in its sound discretion.

Respectfully submitted,

MARIBELLE PEDROSA

By her attorneys,

Burton E. Rosenthal, Esq., BBO# 429220
James A.W. Shaw, Esq., BBO# 670993
Paige W. McKissock, Esq., BBO# 688753

5

SEGAL ROITMAN, LLP
111 Devonshire St., 5th Floor
Boston, MA 02109
Phone: (617) 742-0208
Fax: (617) 742-2187
E-mail: jshaw@segalroitman.com

Dated: February 5, 2016

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| PLAINTIFF(S): Maribelle Pedrosa | | COUNTY<br>Worcester |
| ADDRESS: 1078 Social Street | | |
| Woonsocket, RI 02895 | DEFENDANT(S): Genesis Healthcare, LLC and SunBridge Healthcare, LLC both d/b/a | |
| | | Milford Center |
| ATTORNEY: Burton E. Rosenthal, James A.W. Shaw, and Paige W. McKissock | | |
| ADDRESS: Segal Roitman, LLP | ADDRESS: 101 East State Street | |
| 111 Devonshire Street, 5th Floor | Kennett Square, PA 19348 | |
| Boston, MA 02109 | | |
| BBO: 429220, 670993, 688753 (respectively) | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>B22 | TYPE OF ACTION (specify)<br>Employment Discrimination | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>☒ YES    ☐ NO |
|---|---|---|---|

*If "Other" please describe: _____

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .............................................................................. $ _____
2. Total doctor expenses ................................................................................. $ _____
3. Total chiropractic expenses ......................................................................... $ _____
4. Total physical therapy expenses ................................................................. $ _____
5. Total other expenses (describe below) ........................................................ $ _____
Subtotal (A): $ _____

B. Documented lost wages and compensation to date ...................................... $ ~ 25,000
C. Documented property damages to dated ...................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ...................... $ _____
E. Reasonably anticipated lost wages .............................................................. $ > 25,000
F. Other documented items of damages (describe below) ................................. $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Defendant terminated Plaintiff's employment because of her race/ethnicity and in retaliation for her opposition to Defendant's
discriminatory practice of racial/ethnic discrimination. As a result, Plaintiff suffered financial, emotional, and other damages.

TOTAL (A-F):$ > $50,000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X _[signature]_     Date: 02·05·16

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _[signature]_     Date: 02·05·16

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1685CV00185 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Pedrosa, Maribelle vs. Genesis Healthcare LLC et al | Dennis P. McManus, Clerk of Courts |
|---|---|

| TO:  James A.W. Shaw, Esq.<br>Segal Roitman LLP<br>111 Devonshire Street<br>Boston, MA 02109 | COURT NAME & ADDRESS<br>Worcester County Superior Court<br>225 Main Street<br>Worcester, MA 01608 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                                                      **DEADLINE**

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 05/09/2016 |  |
| Response to the complaint filed (also see MRCP 12) |  | 06/08/2016 |  |
| All motions under MRCP 12, 19, and 20 | 06/08/2016 | 07/08/2016 | 08/08/2016 |
| All motions under MRCP 15 | 06/08/2016 | 07/08/2016 | 08/08/2016 |
| All discovery requests **and depositions** served and non-expert despositions completed | 12/05/2016 |  |  |
| All motions under MRCP 56 | 01/04/2017 | 02/03/2017 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 06/05/2017 |
| Case shall be resolved and judgment shall issue by |  |  | 02/08/2018 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>**02/09/2016** | ASSISTANT CLERK<br>**Joanne Herring** | PHONE<br>**(508)831-2357** |
|---|---|---|

Date/Time Printed: 02-09-2016 15:11:33

SCV026t. 11/2014